UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST DIRECTIONAL, a California corporation also known as and doing business as SOUTHWEST DIRECTIONAL INC.; SOUTHWEST DIRECTIONAL DRILLING, INC., a California corporation; RUBEN ARZATE, an individual; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation,<br><br>Defendants. | CASE NO.: 5:24-cv-02421 CAS-SP<br><br>**SEVERAL JUDGMENT AGAINST DEFENDANT SOUTHWEST DIRECTIONAL**<br><br>[Fed.R.Civ.P. 55(b)(2)]<br><br>DATE:   March 24, 2025<br>TIME:   10:00 a.m.<br>JUDGE: Christina A. Snyder<br>CRTM:  8D, 8th Floor<br>PLACE: 350 W. 1st Street<br>             Los Angeles, CA 90012 |

|   |   |
|---|---|
| 1 | Default has been entered against defendant SOUTHWEST DIRECTIONAL, a |
| 2 | California corporation also known as and doing business as Southwest Directional |
| 3 | Inc. ("EMPLOYER") for its failure to answer or otherwise respond to the complaint |
| 4 | of the plaintiff ("CLTF" where not referred to by its above-captioned named). [*See* |
| 5 | ECF No. 13 (entry of default against EMPLOYER).]  CLTF has filed a motion for |
| 6 | judgment by default—on a several basis—against the EMPLOYER. |
| 7 | For the reasons set forth in the Order Granting Plaintiff's Motion for Several |
| 8 | Judgment entered concurrently hereto, and pursuant to CLTF's motion, the |
| 9 | declarations submitted in support thereof, and all other records and documents on file |
| 10 | **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:** |
| 11 |  |
| 12 | 1. **JUDGMENT IS HEREBY ENTERED IN FAVOR OF THE** |
| 13 | **PLAINTIFF,** Construction Laborers Trust Funds for Southern |
| 14 | California Administrative Company, a Delaware limited liability |
| 15 | company, an administrator of, agent for collection for, fiduciary to, and |
| 16 | on behalf of the Laborers Health and Welfare Trust Fund for Southern |
| 17 | California; Construction Laborers Pension Trust for Southern |
| 18 | California; Construction Laborers Vacation Trust for Southern |
| 19 | California; Laborers Training and Re-Training Trust Fund for Southern |
| 20 | California; Laborers Horizontal Directional Drilling Training Trust |
| 21 | Fund for Southern California; Center for Contract Compliance; |
| 22 | Laborers' Trusts Administrative Trust Fund for Southern California; |
| 23 | and The Construction Industry Advisory Group Fund (hereinafter |
| 24 | "Trust Funds" when referenced collectively), and **AGAINST** |
| 25 | **DEFENDANT SOUTHWEST DIRECTIONAL, IN THE** |
| 26 | **AMOUNT OF $235,179.57,** consisting of the following amounts due |
| 27 | for the period September 2016 through September 2024: (a) a principal |
| 28 | amount of $226,552.58 (including $150,761.84 in unpaid Monthly |

Contributions through September 2024; plus $22,667.77 in interest accrued through the date of the hearing on this Motion (March 24, 2025); and $62,165.91 in liquidated damages, and taking into account a $13,137.94 credit on EMPLOYER's account; (b) attorneys' fees of $8,131.05; and (c) costs of $495.94.

2. **JUDGMENT IS HEREBY ENTERED IN FAVOR OF THE PLAINTIFF,** Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Laborers Horizontal Directional Drilling Training Trust Fund for Southern California; Center for Contract Compliance; Laborers' Trusts Administrative Trust Fund for Southern California; and The Construction Industry Advisory Group Fund (hereinafter "Trust Funds" when referenced collectively), and **AGAINST DEFENDANT SOUTHWEST DIRECTIONAL, IN THE AMOUNT OF $17,843.65** in damages for fiduciary breach in connection with unpaid Monthly Contributions due to the Vacation Fund; and **IN THE AMOUNT OF $220,269.49** in damages for breach of settlement agreement. **The amount of the monetary judgment awarded in this paragraph 2 is encompassed by, and not in addition to, the monetary judgment awarded against EMPLOYER in paragraph 1 above.**

3. The Trust Funds have not conducted an audit of the records of EMPLOYER for any month after July 2024. The monetary judgments issued hereby in paragraphs 1 and 2 shall not, and do not, have *res judicata* effect, operate as a bar or effect any other limitation of any right of the Trust Funds or any individual Trust Fund (including CLTF on behalf of the Trust Funds or any individual Trust Fund) to calculate and collect any additional amounts due by EMPLOYER for months after July 2024.

4. **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS:** EMPLOYER and its managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, shall, submit to a full audit of EMPLOYER for the period … through the date of the audit, and to fully cooperate with CLTF and the Trust Funds with respect to the audit in order for them to determine the total amount due to the Trust Funds and the hours of work performed by the Trust Funds' participants and any others entitled to credit toward fringe benefits from any one or more of the Trust Funds, and, specifically, to produce to CLTF and the Trust Funds the following payroll and business records – and any other records determined by CLTF or the Trust Funds to be necessary to conduct a full audit – for inspection, examination, and copying:

   a. All of EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors and employees of

  EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employees;

b. All of EMPLOYER's job files for each contract, project or job on which EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of EMPLOYER's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors

       or lower-tier subcontractors performed work;

   c. All of EMPLOYER's records relating to cash receipts, including but not limited to EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contractors, projects and jobs on which EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

   d. All of EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

   e. All of EMPLOYER's records relating to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

   f. All collective bargaining agreements between EMPLOYER and any trade union, and all records of contributions by EMPLOYER to any trade union trust fund; and

   g. All records relating to the formation, licensing, renewal or operation of EMPLOYER.

**5. FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS:** EMPLOYER and its managing officers, managing employees, agents and successors, as well as all those in

active concert or participation with any one or more of them, are hereby ordered to deliver, or cause to be delivered:

   a. The following to the Trust Funds' offices within thirty (30) days of service of this judgment by CLTF on EMPLOYER by mail to the address at which the complainant in this action was served: all past due monthly fringe benefit contribution report forms due by EMPLOYER to the Trust Funds, truthfully and accurately completed and identifying all employees for whom fringe benefit contributions are owed to the Trust Funds by EMPLOYER and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due.

   b. The following to the Trust Funds' offices no later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

      i. Truthfully and accurately completed monthly fringe benefit contribution reports covering all of EMPLOYER's accounts with the Trust Funds in existence at the time of delivery, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due;

      ii. An affidavit or declaration from a managing officer or other managing agent of EMPLOYER attesting under penalty of perjury to the completeness, truthfulness and accuracy of each monthly fringe benefit contribution report submitted; and

      iii. A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due by EMPLOYER to the Trust Funds for the previous month (as stipulated on the fringe benefit contribution report(s) submitted).

**IT IS FURTHER ORDERED THAT** such judgment against EMPLOYER shall be several judgment, with the case to proceed against the remaining Defendants notwithstanding this Judgment.

Dated:  March 27, 2025

By: *Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Judge