JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST DIRECTIONAL, a California corporation also known as and doing business as SOUTHWEST DIRECTIONAL INC.; SOUTHWEST DIRECTIONAL DRILLING, INC., a California corporation; RUBEN ARZATE, an individual; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation,<br><br>Defendants. | CASE NO.: 5:24-cv-02421 CAS-SPx<br><br>**JUDGMENT AGAINST REMAINING DEFENDANTS SOUTHWEST DIRECTIONAL DRILLING, INC. AND RUBEN ARZATE**<br><br>[Fed.R.Civ.P. 55(b)(2)] |

  Default has been entered against the remaining defendants SOUTHWEST DIRECTIONAL DRILLING, INC., a California corporation ("SW DRILLING") and RUBEN ARZATE, an individual ("PRINCIPAL") for their failure to answer or otherwise respond to the complaint of the plaintiff ("CLTF" where not referred to by

its above-captioned named). [*See* ECF No. 25 (entry of default against SW DRILLING and PRINCIPAL).] Default Judgment against co-defendant SOUTHWEST DIRECTIONAL, INC. ("EMPLOYER")[1] has been entered. [*See* ECF No. 21(Order for default judgment against Southwest Directional Inc.)] CLTF has filed a motion for judgment by default—on a several bases—against SW DRILLING and PRINCIPAL. According to CLTF's motion, the declarations submitted in support thereof, and all other records and documents on file.

For the reasons set forth in the accompanying Order, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **JUDGMENT IS HEREBY ENTERED IN FAVOR OF THE PLAINTIFF,** Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Laborers Horizontal Directional Drilling Training Trust Fund for Southern California; Center for Contract Compliance; Laborers' Trusts Administrative Trust Fund for Southern California; and The Construction Industry Advisory Group Fund (hereinafter "Trust Funds" when referenced collectively), and **AGAINST DEFENDANT SOUTHWEST DIRECTIONAL DRILLING, INC., IN THE AMOUNT OF $540.38,** pursuant to Local Rule 55-3 and Federal Rule of Civil Procedure 54(d)(1) in (a) attorneys' fees of $250.00; and (b) costs of $290.38.

---

[1] Referred to herein as "EMPLOYER" for ease of reference.

2. **JUDGMENT IS HEREBY ENTERED IN FAVOR OF THE PLAINTIFF,** Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Laborers Horizontal Directional Drilling Training Trust Fund for Southern California; Center for Contract Compliance; Laborers' Trusts Administrative Trust Fund for Southern California; and The Construction Industry Advisory Group Fund (hereinafter "Trust Funds" when referenced collectively), and **AGAINST DEFENDANT RUBEN ARZATE, IN THE AMOUNT OF $19,633.15** in (a) damages of $17,843.65 for fiduciary breach in connection with unpaid Monthly Contributions due to the Vacation Fund; (b) attorneys' fees of $1,670.62; and (c) costs of $118.88.

3. The Trust Funds have not conducted an audit of the records of EMPLOYER for any month after July 2024. The monetary judgments issued hereby in paragraphs 1 and 2 shall not, and do not, have *res judicata* effect, operate as a bar or effect any other limitation of any right of the Trust Funds or any individual Trust Fund (including CLTF on behalf of the Trust Funds or any individual Trust Fund) to calculate and collect any additional amounts due by SW DRILLING or PRINCIPAL for months after July 2024.

4. **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS: DEFENDANT SOUTHWEST DIRECTIONAL DRILLING, INC. AND DEFENDANT RUBEN**

**ARZATE** are required to comply with the production of their payroll and business records for an audit by the Trust Funds as requested in the Fifth Claim for relief [2]: Including submit to turning over records in relation to conducting a full audit of EMPLOYER for the period January 2022 through the date of the audit, and to fully cooperate with CLTF and the Trust Funds with respect to the audit in order for them to determine the total amount due to the Trust Funds and the hours of work performed by the Trust Funds' participants and any others entitled to credit toward fringe benefits from any one or more of the Trust Funds, and, specifically, to produce to CLTF and the Trust Funds the following payroll and business records – and any other records determined by CLTF or the Trust Funds to be necessary to conduct a full audit – for inspection, examination, and copying:

    a. All of EMPLOYER's and SW DRILLING's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by SW DRILLING, its employees, its subcontractors, its lower-tier subcontractors and employees of SW DRILLING's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for SW DRILLING, EMPLOYER, its employees, its subcontractors,

---

[2] The Court has already granted the Fifth Claim for relief against EMPLOYER and ordered an audit be conducted. [*See* ECF 21, p. 12-15.]

lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employees;

 b. All of EMPLOYER's and SW DRILLINGS's job files for each contract, project or job on which EMPLOYER and SW DRILLING, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between SW DRILLING or EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of EMPLOYER's and SW DRILLING , their employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which SW DRILLING and EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

 c. All of EMPLOYER's and SW DRILLING's records relating to cash receipts, including but not limited to SW DRILLING and EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contractors, projects and jobs on which SW DRILLING and/or EMPLOYER, its employees, its

subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

d. All of EMPLOYER's and SW DRILLING's bank statements, including but not limited to those for all checking, savings and investment accounts;

e. All of EMPLOYER's and SW DRILLING's records relating to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

f. All collective bargaining agreements between EMPLOYER and/or SW DRILLING and any trade union, and all records of contributions by EMPLOYER and/or SW DRILLING to any trade union trust fund;

g. All records relating to the formation, licensing, renewal or operation of EMPLOYER and/or SW DRILLING;

h. All documents, records, other writings, including contacts, job lists, agreements, invoices, pertaining to transfers of work, employees, equipment, contracts, subcontracts between EMPLOYER and/or SW DRILLING and payroll records and documentation pertaining to the compensation paid to and hours worked by employees of EMPLOYER and/or SW DRILLINGS on each other's projects.

Dated: June 23, 2025                          By: *Christina A. Snyder*
                                                  CHRISTINA A. SNYDER
                                                  United States District Judge